

ORIGINAL

KUTAK ROCK LLP

PAUL F. DONSBACH, # 7108-0
CHRISTOPHER D. GLOS, *Pro Hac Vice*
18201 Von Karman Avenue
Suite 1100
Irvine, California 92612-1077
Telephone: (949) 417-0999
Facsimile: (949) 417-5394
E-mail: paul.donsbach@kutakrock.com

KESSNER, DUCA, UMEBAYASHI, BAIN
& MATSUNAGA

ELTON JOHN BAIN, # 2443-0
E. MASON MARTIN, III, # 7295-0
19th Floor Central Pacific Plaza
220 South King Street
Honolulu, Hawaii 96813
Telephone: (808) 536-1900
Facsimile: (808) 529-7177
E-mail: mmartin@kdubm.com

Attorneys for Plaintiff
RELIANCE INSURANCE COMPANY
(IN LIQUIDATION)

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 2 2 2005

at 11 o'clock and 8 min. A M
SUE BEITIA, CLERK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RELIANCE INSURANCE COMPANY (IN LIQUIDATION), a Pennsylvania corporation,<br><br>            Plaintiff,<br>v.<br><br>THE DOCTORS' COMPANY, a California corporation,<br><br>            Defendant. | CIVIL CASE NO. CV 02-00159 HG-BMK<br><br>**PLAINTIFF RELIANCE INSURANCE COMPANY'S (IN LIQUIDATION) OBJECTIONS TO EVIDENCE SUBMITTED BY THE DOCTORS' COMPANY IN SUPPORT OF IT'S MOTION TO VACATE JUDGMENT AND DISMISS COMPLAINT**<br><br>**HEARING**<br>Date: January 9, 2006<br>Time: 10:30 a.m.<br>Judge: Hon. Helen Gillmor<br><br>Judgment: February 13, 2004<br>Affirmed: May 26, 2005 |

4830-0587-5456.1/1

# EVIDENTIARY OBJECTIONS

Plaintiff Reliance Insurance Company (in Liquidation) ("Reliance") hereby objects to and moves to strike the following evidence submitted by Defendant The Doctors' Company ("TDC") in its Motion to Vacate Judgment and Dismiss Complaint.

| | **EVIDENCE TO STRIKE** | **REASON TO STRIKE EVIDENCE** |
|---|---|---|
| 1. | Affidavit of Tamera K. Clark, ¶¶ 5-9:<br><br>¶ 5. TDC is and was at all time relevant herein an unincorporated association, known as an interinsurance exchange, organized pursuant to California law.<br>¶ 6. TDC is organized and exists under the laws of the State of California.<br>¶ 7. TDC is a physician-owned and operated company.<br>¶ 8. As an interinsurance exchange, TDC policyholders are member-owners as well as insureds.<br>¶ 9. Members of TDC are both the insurers and the insureds. | Lack of Personal Knowledge. FED. R. EVID. 602; Probative value outweighed and prejudical. FED. R. EVID. 403.<br><br>A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Ms. Clark claims to have personal knowledge of TDC's organizational structure, operation, and member composition. However, Ms. Clark provides no information regarding the source of this knowledge. She merely identifies herself as an Assistant Vice President for TDC and a Director from June 6, 2001 to January 1, 2005. This is |

| | | |
|---|---|---|
| | | insufficent information to show that Ms. Clark has personal knowledge of these matters. As such, this evidence is unreliable and should be ruled inadmissible as its probative value, if any, is outweighed by its prejudicial affect. |
| 2. | Affidavit of Tamera K. Clark, ¶ 11:<br><br>In 2001-2002, TDC insured physician members/policyholders who where residents of the State of Pennsylvania. | Lack of Personal Knowledge. FED. R. EVID. 602; Relevance. FED. R. EVID. 401-402; Probative Value Outweighed and Prejudicial. FED. R. EVID. 403.<br><br>Citizenship of an unincorporated interinsurance exchange is determined by looking to the citizenship, not residence, of each individual member. *See Tuck v. United Services Auto. Ass'n*, 859 F.2d 842 (10th Cir. 1988); *Baer v. Unted Services Automobile Ass'n*, 503 F.2d 393 (2nd Cir. 1974); *Arbuthnot v. State Auto. Ins. Ass'n*, 264 F.2d 260 (10th Cir. 1959); *Chubb Custom Ins. Co. v. United Services Automobile Ass'n*, 2005 WL 2475314 (D.N.J. 2005); *Bitinas v. Roback*, 2005 WL 327137 (D.Conn. 2005). To establish |

citizenship for diversity purposes, a natural person must be *both* (a) a citizen of the United States, and (b) a domiciliary of one particular state. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. As with other jurisdictional determinations, courts look to the parties' domicile at the time the lawsuit was *filed* (not when the cause of action arose, or later when the case comes to trial). *LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2nd Cir. 2001). A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. A person residing in a given state is not necessarily domiciled there and thus is not necessarily a citizen of that state. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). For diversity purposes, residence alone is not enough. Domicile is determinative. *See Bank*

| | | |
|---|---|---|
| | | *One, Texas, N.A. v. Montle*, 964 F.2d 48, 53 (1st Cir. 1992).<br><br>Ms. Clark's assertion that in 2001-2002 TDC had insured physician members/policyholders who were residents of the State of Pennsylvania is irrelevant. Ms. Clark's affidavit is whether any such member/insured was a citizen of Pennsylvania on March 18, 2002 and the evidence should be ruled inadmissible. |
| 3. | Affidavit of Tamera K. Clark, ¶ 13:<br><br>TDC currently insures physician members/policyholders who are residents of the State of Pennsylvania. | Relevance. FED. R. EVID. 401-402; Probative value outweighed and prejudicial. FED. R. EVID. 403.<br><br>*Grupo Dataflux v. Atlas Global Group, LP*, 541 U.S. 567, 124 S.CT. 1920 (2004) holds that diversity must exist at the time the lawsuit is filed. It need not exist earlier, nor must it continue thereafter.<br><br>TDC's current practice has no bearing on any issue and should be found inadmissible. Moreover, citizenship of an unincorporated interinsurance |

| | | |
|---|---|---|
| | | exchange is determined by looking to the citizenship, not residence, of each individual member. See arguments above, and incorporated here, in Number 3 for Reasons to Strike Argument. |
| 4. | Affidavit of Tamera K. Clark, ¶ 14 and Exhibit "C":<br><br>Attached hereto as Exhibit "C" is a true and correct copy of Policy # 0055391 for a Pennsylvania TDC insured. The insured's name has been redacted to protect the insured's privacy. | Authentication. FED. R. EVID. 901. Relevance. FED. R. EVID. 401-402; Probative value outweighed and prejudicial. FED. R. EVID. 403.<br><br>Authentication or identification as a condition precedent to admissibility is only satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.<br><br>Exhibit "C" to Ms. Clark's affidavit appears to consist of a General Declarations page, a Certificate of Insurance, a Change of Rate document, and an Extension of Policy Period document. "Policy # 0055391" does not appear be produced in its entirety and should be ruled inadmissible. Further, the existence of Exhibit "C" |

| | | |
|---|---|---|
| | | demonstrates, at maximum, that some unidentified individual had a medical professional liability policy with TDC. While it may demonstrate that the individual was an insured, it does not show that the individual was a citizen of Pennsylvania. See arguments above in Number 3 for Reasons to Strike Argument. As such, Exhibit "C" should be ruled inadmissible. |
| 5. | Affidavit of Tamera K. Clark, ¶ 15 and Exhibit "D": Attached hereto as Exhibit "D" is a true and correct copy of Policy # 0055235 for a Pennsylvania TDC insured. The insured's name has been redacted to protect the insured's privacy. | Relevance. FED. R. EVID. 401-402; Probative Value Outweighed and Prejudicial. FED. R. EVID. 403; Hearsay. FED. R. EVID. 802. *Grupo Dataflux v. Atlas Global Group, LP*, 541 U.S. 567, 124 S.CT. 1920 (2004) holds that diversity must exist at the time the lawsuit is filed. It need not exist earlier, nor must it continue thereafter. Exhibit "D" provides a policy period of January 1, 2001 to January 1, 2002. The relevant date is March 18, 2002, the time the Complaint was filed. Exhibit |

| | | |
|---|---|---|
| | | "D" has no effect on the relevant date and has no bearing on any issue. |
| | | Moreover, Exhibit "D" does not establish that the member/insured is a citizen of the State of Pennslyvania. See arguments above in Number 3 for Reasons to Strike Argument. As such, Exhibit "D" should be ruled inadmissible. |
| 6. | Affidavit of Tamera K. Clark, ¶ 16 and Exhibit "E": Attached hereto as Exhibit "E" is an excerpt of the TDC "Yellowbook" filing for the years 2001 and 2004. This filing, which standard form all insurers file annually. The attached excerpt, statutory Page 41 data for the Commonwealth of Pennsylvania, shows that in 2001 TDC received a total of $1,496,200 in earned premiums in Commonwealth and $5,107,345 in 2004. The premium earned by TDC for insureds | Relevance. FED. R. EVID. 401-402; Probative Value Outweighed and Prejudicial. FED. R. EVID. 403; Hearsay. FED. R. EVID. 802; Authentication. FED. R. EVID. 901. Authentication or identification as a condition precedent to admissibility is only satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. Moreover, Exhibit "E" does not establish that any member/insured is a citizen of the State of Pennsylvania. See arguments above in Number 3 for |

| | |
|---|---|
| practicing primarily or exclusively in the Commonwealth of Pennsylvania. | Reasons to Strike Argument. As such, Exhibit "E" should be ruled inadmissible. |

DATED: December 21, 2005

KUTAK ROCK LLP

By: _____
PAUL F. DONSBACH
CHRISTOPHER D. GLOS
Attorneys for Plaintiff
RELIANCE INSURANCE
COMPANY (IN LIQUIDATION)

4830-0587-5456.1/8

- 8 -

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.5

Pursuant to Local Rule 7.5(e), I hereby certify that Plaintiff Reliance Insurance Company's (In Liquidation) Objections to Evidence Submitted by The Doctors' Company in Support of It's Motion to Vacate Judgment and Dismiss Complaint is proportionately spaced, has a typeface of 14 points, and contains 1295 words and 280 lines, excluding this page, but including headnotes, footnotes and quotations. I have relied on Microsoft Word's calculation of the word count.

DATED: December 21, 2005

PAUL F. DONSBACH
CHRISTOPHER D. GLOS
Attorney for Plaintiff RELIANCE
INSURANCE COMPANY (IN
LIQUIDATION)