

**ORIGINAL**

opp to mtn to satisfy jdgmt

Of Counsel:
ROBBINS & ASSOCIATES
Attorney at Law
A Law Corporation

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 2 2 2005

at __ o'clock and 45 min __ M
SUE BEITIA, CLERK

| | |
|---|---|
| KENNETH S. ROBBINS | 1000-0 |
| LEIGHTON H. HARA | 7826-0 |
| WENDY M. YAMAMOTO | 8049-0 |

2200 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 524-2355
Facsimile: (808) 526-0290
Email: defend@robbinsandassociates.net

MCCORRISTON MILLER MUKAI MACKINNON LLP

| | |
|---|---|
| DAROLYN H. LENDIO | 3577-0 |
| PHILIP W. MIYOSHI | 7459-0 |
| BECKY T. CHESTNUT | 7756-0 |

Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawaii 96813
Telephone: (808) 529-7300
Facsimile No.: (808) 524-8293
E-mail: lendio@m4law.com

Attorneys for Defendant
THE DOCTORS' COMPANY

CIVIL NO. CV02-00159 HG BMK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RELIANCE INSURANCE COMPANY (IN LIQUIDATION), a Pennsylvania corporation,<br><br>          Plaintiff,<br><br>     vs.<br><br>THE DOCTORS' COMPANY, a California corporation,<br><br>          Defendant. | CIVIL NO.  CV02-00159 HG BMK<br><br>DEFENDANT THE DOCTORS' COMPANY'S MEMORANDUM IN OPPOSITION TO PLAINTIFF RELIANCE INSURANCE COMPANY'S (IN LIQUIDATION) MOTION TO SATISFY JUDGMENT AND ENFORCE SUPERSEDEAS BOND AND FOR ATTORNEYS' FEES IN THE AMOUNT OF $5,775.00; DECLARATION OF DEVIN O'BRIEN; EXHIBITS "A"-"B"; DECLARATION OF KENNETH S. ROBBINS; EXHIBIT "C"; CERTIFICATE OF SERVICE<br><br>Hearing<br>Date:    January 9, 2006<br>Time:    9:00 a.m.<br>Judge:   Helen Gillmor |

DEFENDANT THE DOCTORS' COMPANY'S
MEMORANDUM IN OPPOSITION TO PLAINTIFF
RELIANCE INSURANCE COMPANY'S (IN LIQUIDATION)
MOTION TO SATISFY JUDGMENT AND
ENFORCE SUPERSEDEAS BOND AND FOR
<u>ATTORNEYS' FEES IN THE AMOUNT OF $5,775.00</u>

128051-1                                                 2

DEFENDANT THE DOCTORS' COMPANY'S
MEMORANDUM IN OPPOSITION TO PLAINTIFF
RELIANCE INSURANCE COMPANY'S (IN LIQUIDATION)
MOTION TO SATISFY JUDGMENT AND
ENFORCE SUPERSEDEAS BOND AND FOR
ATTORNEYS' FEES IN THE AMOUNT OF $5,775.00

I. INTRODUCTION

Defendant The Doctors' Company ("TDC"), by and through its attorneys, Robbins & Associates, opposes Plaintiff Reliance Insurance Company's (in Liquidation) Motion to Satisfy Judgment and Enforce Supersedeas Bond and for Attorneys' Fees in the Amount of $5,775.00 ("Motion"). Reliance's Motion should be denied, as the judgment Reliance seeks to enforce is subject to setoff by claims currently pending in the Commonwealth Court of Pennsylvania, which has exclusive jurisdiction over all claims, including those for setoff, related to Reliance's liquidation. The Motion's request for attorneys' fees should also be denied, as it is well-settled in the Ninth Circuit that attorneys' fees may not be awarded in actions to enforce supersedeas bonds to preserve the status quo pending appeal.

II. RELEVANT PROCEDURAL BACKGROUND

    A. Proceedings in the United States District Court for the District of Hawaii

On March 18, 2002, Reliance Insurance Company (in Liquidation) ("Reliance") filed its Complaint for Express and Equitable Subrogation, Equitable Contribution, Indemnity and Declaratory Relief, seeking damages arising out of the settlement of an underlying medical malpractice claim. Reliance asserted that TDC, as the primary malpractice carrier, is liable to Reliance, the excess carrier, for $2 million that Reliance paid toward the settlement on December 7, 1999, under theories of contribution, indemnity and/or subrogation.

On November 25, 2002, TDC filed a Motion for Summary Judgment. On December 10, 2002, Reliance filed a Motion for Partial Summary Judgment. Both TDC's Motion for Summary Judgment and Reliance's Motion for Partial Summary Judgment were heard on February 24, 2003. The Court took both motions under advisement.

Subsequently, on March 14, 2003, Reliance filed a First Amended Complaint to add a claim for Breach of the Implied

Covenant of Good Faith and Fair Dealing. On March 25, 2003, TDC filed its First Amended Answer and Counterclaim, asserting a counterclaim for setoff, based upon TDC's own claims against Reliance arising under reinsurance and other contracts. These claims are for mutual and contemporaneous, but unsatisfied, debts owed by Reliance to TDC. On April 11, 2003, Reliance filed its Motion of Plaintiff Reliance Insurance Company (in Liquidation) for Dismissal of Counterclaim for Set Off or, in the Alternative, Motion to Strike Portions of Counterclaim for Which No Leave to File was Granted. On June 17, 2003, the Court issued its Order Granting Plaintiff's Motion for Dismissal of Counterclaim for Set Off.

Reliance withdrew its claim for Breach of the Implied Covenant of Good Faith and Fair Dealing on August 20, 2003.

On September 25, 2003, the Court filed its Order Denying Defendant's Motion for Summary Judgment Filed on 11/25/02, and Recognizing Defendant's Cross-Motion Filed on 2/6/03 as Moot and Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment Filed on 1/8/03, and Denying Plaintiff's Motion for a Continuance Under Fed. R. Civ. P. 56(f) Raised in Its Memorandum of Opposition of 2/4/03 to Defendant's Motion for

128051-1                                        3

Summary Judgment ("Order"). The Order awarded $2 million to Reliance. TDC subsequently filed a Motion for Reconsideration, which the Court denied by order filed January 29, 2004. The Court entered Judgment on February 13, 2004.

B. <u>Proceedings in the Commonwealth Court of Pennsylvania</u>

By order dated May 29, 2001, the Commonwealth Court of Pennsylvania placed Reliance in rehabilitation pursuant to Pennsylvania statutes. On October 3, 2001, the Commonwealth Court issued its Order of Liquidation, in which it placed Reliance in liquidation ("Liquidation Order," attached hereto as Exhibit "A"). The Liquidation Order terminated Reliance's rehabilitation, declared Reliance to be insolvent, and appointed Pennsylvania's Insurance Commissioner, M. Dianne Koken, as Reliance's Liquidator. In the Liquidation Order, the Commonwealth Court specifically asserted, *inter alia*, "exclusive jurisdiction over all determinations of the validity and amount of claims against Reliance." Liquidation Order ¶ 5. The Commonwealth Court ordered that all actions against Reliance must be submitted and considered as claims in the insurance proceeding. <u>Id.</u> ¶ 22.

On December 29, 2003, the Receiver for the Reliance liquidation acknowledged receipt of TDC's proofs of claim of its claims against Reliance. See attached Declaration of Devin O'Brien ("O'Brien Dec.") ¶ 3. On December 21, 2005, TDC filed the Petition of The Doctors Company for Leave to Intervene, for Relief from Stay, to Declare Right of Setoff, and to Enjoin Execution ("Petition," attached hereto as Exhibit "B"), requesting that the Commonwealth Court issue a stay of any action to enforce the judgment in this case, pending the Commonwealth Court's determination of the validity and value of TDC's claims for setoff. At the time of this filing, the Petition remains pending. See O'Brien Dec. ¶ 5.

III. ARGUMENT

    A. <u>This Court Should Deny the Motion in Deference to Proceedings before the Commonwealth Court of Pennsylvania</u>

The Court should deny Reliance's instant Motion, and instead defer to the Commonwealth Court of Pennsylvania, which currently has exclusive jurisdiction over TDC's setoff claims against Reliance in its liquidation proceedings. Denial of Reliance's Motion, and deference to the Commonwealth Court of Pennsylvania, would be in keeping with notions of judicial comity, principles of full faith and

credit, and with the policy reasons underlying the <u>Burford</u> abstention doctrine, which have all previously been recognized by the Court in this matter. Granting the Motion, on the other hand, would interfere with the Commonwealth Court's exclusive jurisdiction, and would deprive that court of its ability to determine the validity and value of TDC's setoff claims, pursuant to that court's own claims resolution process.

In its Order Granting Plaintiff's Motion for Dismissal of Counterclaim for Set Off ("Setoff Order"), at 3, this Court found explicitly that "[t]he plain language of the rehabilitation and liquidation orders issued by the Commonwealth Court of Pennsylvania cover the setoff claims asserted by [TDC] in its Counterclaim." <u>See</u> Order Granting Plaintiff's Motion for Dismissal of Counterclaim for Set Off filed June 17, 2003 at 3, attached hereto as Exhibit "C". The Court observed that "[t]he Commonwealth Court of Pennsylvania has exclusive jurisdiction over determinations on the validity of claims and distribution of Plaintiff's assets. This Court, therefore, should abstain from exercising jurisdiction over [TDC's] Counterclaim." Exhibit "C" (Setoff Order) at 6 (citing <u>Clark v. Fitzgibbons</u>, 105 F.3d 1049,

1052-53 (5th Cir. 1997) and <u>Rose v. Fidelity Mutual Life Ins. Co.</u>, 207 F. Supp. 2d 50, 53 (E.D.N.Y. 2002)).

More specific to the instant Motion, this Court also held that "[t]he setoff claims . . . are appropriate for the Claims Filing Procedure and the Disputed Claims Resolution Process in the liquidation proceeding, which was created for this very purpose." <u>Id.</u> at 7 (citations omitted). "The liquidator in the Commonwealth Court of Pennsylvania proceeding has the exclusive jurisdiction to determine the validity of disputed claims against Plaintiff, the appropriate amounts owed, and to distribute them accordingly." <u>Id.</u> The Court noted that it should abstain from determining the setoff claim to avoid creating a situation in which two separate forums would be resolving the merits of the claims asserted against Reliance; the submission of TDC's claims to the liquidation claims procedure, the Court explained, would avoid inconsistent adjudication of claims and would preserve judicial comity. <u>Id.</u> at 8.

This Court also has held the <u>Burford</u> abstention doctrine applicable to TDC's setoff claims, as the doctrine allows a federal court to abstain from exercising its jurisdiction in deference to complex state administrative procedures. <u>Id.</u> at 8. Specifically, the

Court held that "[a]bstention is appropriate here as the liquidation process in particular is one which would be greatly impeded by the involvement of more than one decision-making authority. And it is a critical reason why federal courts have frequently abstained to avoid interfering with state [liquidation] proceedings." Id. at 9-10.

Thus, with regard to the setoff claim, the Court has already held that TDC's own claims against Reliance are properly within the exclusive jurisdiction of the Commonwealth Court of Pennsylvania, in its capacity as the court of original jurisdiction for Reliance's liquidation. TDC has properly asserted its claims and has pending before the Commonwealth Court an appropriate petition, requesting that court, as the appropriate judicial body, to make the relevant determinations over TDC's claims and entitlement to setoff. Any determination on the Motion at issue, other than a denial or stay, would interfere with the liquidation court's proper exercise of jurisdiction over TDC's setoff claims, as satisfaction of the judgment would permanently destroy the possibility of a setoff. Should this Court issue an order requiring TDC or its surety to satisfy the judgment before the liquidation court has had the opportunity to consider TDC's setoff claims, the possibility of setoff, as provided by

Pennsylvania statutes, will be irreparably eliminated, as there would no longer be a mutual debt to setoff. On the other hand, Reliance will suffer no injury by the Court's denial of the Motion without prejudice, or its abstention thereon, until the Commonwealth Court resolves the matter, as the amply-sized supersedeas bond will remain in place during that time.

As stated by this Court, "[t]he submission of [TDC's] disputed claims to the liquidation procedure is necessary to minimize litigation, ensure the equitable distribution of Plaintiff's assets, and avoid inconsistent adjudication of claims. It will preserve judicial comity and fairly and efficiently resolve [TDC's] claims." Setoff Order at 8. In sum, pursuant to all those reasons the Court set out in its June 17, 2003 Order, the Court should now defer to the Commonwealth Court to resolve TDC' setoff claims prior to issuing any order that would destroy those claims, including the order Reliance seeks here.

B. <u>Reliance is Not Entitled to Attorneys' Fees</u>

Reliance is not entitled to its attorneys' fees in bringing the instant Motion, as it is well established in the Ninth Circuit that federal law does not permit the recovery of attorneys' fees in a

proceeding to enforce a supersedeas bond posted to preserve the status quo during a stay pending appeal of a district court decision. In Bass v. First Pacific Networks, Inc., 219 F.3d 1052 (9th Cir. 2000), the Ninth Circuit considered its ability to award attorneys' fees where, as here, a supersedeas bond was posted pursuant to Rule 62(d) of the Federal Rules of Civil Procedure, and the enforcement action was brought under Rule 65.1 of those rules. The court held that federal law applied, as Rule 62(d) is a purely procedural mechanism to preserve the status quo during a stay pending appeal, and creates no choice of law concerns. Bass, 219 F.3d at 1055 (citing American Mfrs. Mut. Ins. Co. v. American Broadcasting-Paramount Theatres, Inc., 87 S. Ct. 1, 3 (1966)). "Because Rule 65.1 simply allows for an enforcement mechanism for bonds posted under Rule 62(d), only a federal question is involved. As such, federal law, which does not allow for the recovery of attorney's fees, applies." Id. (citing Matek v. Murat, 862 F.2d 720, 734 (9th Cir. 1988), abrogated on other grounds by Holden v. Hagopian, 978 F.2d 1115 (9th Cir. 1992); and Heiser v. Woodruff, 128 F.2d 178, 180 (10th Cir. 1942) (for the proposition

that federal courts "have consistently held that attorney's fees are not . . . recoverable" upon an injunction bond)).

Consequently, Reliance is not entitled to the attorneys' fees it seeks in its Motion.

IV. CONCLUSION

Based upon the foregoing, TDC respectfully requests that this Court deny the instant Motion or, in the alternative, defer any action on the Motion until such time as the Commonwealth Court of Pennsylvania has made a determination on the Petition or otherwise made a determination on the validity and value of TDC's setoff claims. TDC also requests that the Court deny Reliance's request for attorneys' fees.

DATED: Honolulu, Hawaii, _____ DEC 22 2005 _____.

_____
KENNETH S. ROBBINS
LEIGHTON M. HARA
WENDY M. YAMAMOTO
DAROLYN HATSUKO LENDIO
PHILIP W. MIYOSHI
BECKY T. CHESTNUT

Attorneys for Defendant
THE DOCTORS' COMPANY

128051-1    11