FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 17 2003

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

at 10 o'clock and 20 min. A M
WALTER A. Y. H. CHINN, CLERK

| | |
|---|---|
| RELIANCE INSURANCE COMPANY (IN LIQUIDATION), a Pennsylvania corporation,<br><br>Plaintiff,<br><br>vs.<br><br>THE DOCTORS' COMPANY, a California corporation,<br><br>Defendant. | CIV. NO. 02-00159 HG-BMK<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR DISMISSAL OF COUNTERCLAIM FOR SET OFF |

### ORDER GRANTING PLAINTIFF'S MOTION FOR DISMISSAL OF COUNTERCLAIM FOR SET OFF

The instant case involves a dispute between an excess insurer and a primary insurer over a $4.3 million medical malpractice settlement. Plaintiff Reliance Insurance Company ("Plaintiff"), the excess insurer, claims that Defendant The Doctors' Company ("Defendant") should have paid an additional $2 million toward the underlying settlement.

Defendant counterclaims that any amount owed to Plaintiff should be set off by monies allegedly owed by Plaintiff to Defendant. Plaintiff moves to dismiss the Counterclaim or, in the alternative, to strike portions of the Counterclaim for which



EXHIBIT C

it claims no leave to file was granted. For the reasons set forth below, the Court GRANTS Plaintiff's Motion for Dismissal of Counterclaim for Set Off.

## PROCEDURAL HISTORY

On March 25, 2003, Plaintiff filed a Counterclaim to Plaintiff's First Amended Complaint.

On April 11, 2003, Plaintiff filed a Motion of Plaintiff Reliance Insurance Company (in Liquidation) for Dismissal of Counterclaim for Set Off or, in the Alternative, Motion to Strike Portions of Counterclaim for Which No Leave to File was Granted. On that same date, Plaintiff also filed a Notice of Lodging of Foreign Authorities Cited in Plaintiff Reliance's Memorandum in Support of Motion for Dismissal of Counterclaim for Set Off, or in the Alternative, Motion to Strike Portions of Counterclaim for Which No Leave to File was Granted.

On May 9, 2003, Defendant filed an opposition to Plaintiff's motion. On May 16, 2003, Plaintiff filed a reply.

## ANALYSIS

The primary issue in this case is whether this Court should exercise jurisdiction over Defendant's Counterclaim for set off.

A. **This Court must give full faith and credit to the liquidation order in the Commonwealth Court of Pennsylvania**

2

The State of Hawaii gives full faith and credit to liquidation orders in other states. In 1987, the Hawaii legislature adopted the Insurers Supervision, Rehabilitation and Liquidation Act (ISRLA), in part, to lessen the problems of interstate rehabilitation and liquidation by facilitating cooperation between states in the liquidation process. Four Star Ins. Agency, Inc. v. Hawaiian Electric Industries, Inc., 974 P.2d 1017, 1022 (Haw. 1999) (citing Haw. Rev. Stat. § 431:15-101(d)). ISRLA provides for an automatic stay of all proceedings against insolvent insurance companies and liquidators, whether in Hawaii or in another state. Haw. Rev. Stat. § 431:15-313(a) provides,

> "Upon issuance of an order appointing a liquidator . . . no action at law or equity shall be brought against the insurer or liquidator, whether in this State or elsewhere, nor shall any such existing actions be maintained or further presented after issuance of such order. The courts of this State shall give full faith and credit to injunctions against the liquidator or the company or the continuation of existing actions against the liquidator or the company, when such injunctions are included in an order to liquidate an insurer issued pursuant to corresponding provisions in other states."

Plaintiff's rehabilitation and liquidation proceedings are being exclusively handled by the Commonwealth Court of Pennsylvania.

The Commonwealth Court of Pennsylvania placed Plaintiff in rehabilitation by order dated May 29, 2001. At the time of the rehabilitation proceeding, Plaintiff or its insureds were a party

to more than 190,000 claims and 15,000 lawsuits. <u>Koken v. Reliance Ins. Co.</u>, 784 A.2d 209, 210 (Pa. Commw. Ct. 2001).

The court's May 29, 2001 order enjoined and restrained all persons in the Commonwealth and elsewhere from instituting or further prosecuting any action in law and equity against Plaintiff and from "making any assessments or indirectly collecting such assessments by setting them off against amounts otherwise payable to [Plaintiff]." (Order at ¶ 20, Plaintiff's Motion for Dismissal of Counterclaim for Set Off ("Plaintiff's Motion"), Exh. A). The Court stayed pending proceedings in order to "maximize the asset pool and minimize a disparity in payment of claims." <u>Koken</u>, 784 A.2d at 210.

On October 3, 2001, the Commonwealth Court entered a superseding order of liquidation. The order stated that as of the date of the order, no action at law or equity shall be brought against Plaintiff in any jurisdiction unless the liquidator consents in writing. (Order of Liquidation at ¶ 22, Plaintiff's Motion, Exh. C.) The court stated that all actions against Plaintiff shall be submitted and considered as claims in the liquidation proceeding. (<u>Id.</u>) The court asserted exclusive jurisdiction over all of Plaintiff's assets and determinations involving the validity and amount of claims against Plaintiff as well as the distribution priority of such claims. (<u>Id.</u> at ¶ 5).

4

On September 9, 2002, the Commonwealth Court entered an Order establishing a Claims Filing Procedure and a Disputed Claims Resolution Process ("Claims Filing Order") as the exclusive means for resolving claims against Plaintiff. The Claims Filing Order stated, "any and all claims against the [Plaintiff], or in any way affecting or seeking to affect any of the assets of [Plaintiff], wherever or however such assets may be owned or held, directly or indirectly, must be filed with the Liquidator . . . ." (Order at ¶ 1, Plaintiff's Motion, Exh. D.)

The Claims Filing Order also stated that the court "continues to maintain sole and exclusive jurisdiction, to the exclusion of all other courts or tribunals, over all assets of [Plaintiff] of whatsoever kind or nature and wherever or however owned or held, whether directly or indirectly." (Id. at ¶ 22.) It is also specified that the rehabilitation order of May 29, 2001 and subsequent Order of Liquidation of October 3, 2001 remained in full force and effect, including the prohibition on instituting and prosecuting any action at law or in equity against Plaintiff. (Id.)

The plain language of the rehabilitation and liquidation orders issued by the Commonwealth Court of Pennsylvania cover the set off claims asserted by Defendant in its Counterclaim. The May 29, 2001 order specifically enjoined and restrained all

5

persons in the Commonwealth and elsewhere from "<u>making any assessments or indirectly collecting such assessments by setting them off against amounts otherwise payable to [Plaintiff]</u>." (Order at ¶ 20, Plaintiff's Motion, Exh. A) (emphasis added).

The Commonwealth Court of Pennsylvania has exclusive jurisdiction over determinations on the validity of claims and distribution of Plaintiff's assets. This Court, therefore, should abstain from exercising jurisdiction over Defendant's Counterclaim. See <u>Clark v. Fitzgibbons</u>, 105 F.3d 1049, 1052-53 (5th Cir. 1997) (extending full faith and credit to Arizona court's receivership order); <u>Rose v. Fidelity Mutual Life Ins. Co.</u>, 207 F. Supp. 2d 50, 53 (E.D.N.Y. 2002) (extending full faith and credit to Pennsylvania court's rehabilitation order).

B.  **Strong policy reasons favor abstention**

Defendant's Counterclaim seeks a set off for amounts allegedly owed by Plaintiff with regard to reinsurance policies and for a settlement in another state court litigation. Defendant's claims are separate and unrelated to the instant case. In addition, it is clear from the parties' pleadings and arguments that the amounts allegedly owed are in dispute. No determination on Defendant's claims have been made. The set off amounts are neither certain nor readily ascertainable.

6

Before this Court could apply a set off, the set off amounts would need to be ascertained. The set off claims, therefore, are appropriate for the Claims Filing Procedure and the Disputed Claims Resolution Process in the liquidation proceeding, which was created for this very purpose. <u>Hartford Casualty Ins. v. Borg-Warner</u>, 913 F.2d 419, 426 (7th Cir. 1990) (noting that a federal court judgment as to the amount and existence of liability against an insolvent insurer would interfere with the state court's rehabilitation proceeding); <u>Dalicandro v. Legalgard, Inc.</u>, 2001 WL 1428359, *3 (E.D. Pa. Nov. 14, 2001) (issuing stay on claims asserted against Reliance Insurance Company in federal court where liquidator is solely responsible for making decisions on Plaintiff's claims). The liquidator in the Commonwealth Court of Pennsylvania proceeding has the exclusive jurisdiction to determine the validity of disputed claims against Plaintiff, the appropriate amounts owed, and to distribute them accordingly.

Allowing Defendant a set off for undetermined amounts would also interfere with the equitable treatment of all creditors and the avoidance of preferences in the liquidation proceeding. <u>See Four Star</u>, 974 P.2d at 1024 (discussing purposes of ISRLA); <u>Clark</u>, 105 F.3d at 1051. Defendant would be permitted to bypass

other creditors standing in line who are required to submit their claims in the liquidation claims procedure.

Determining the merits of Defendant's Counterclaim would also create a situation in which two separate forums would be resolving the merits of claims asserted against Plaintiff. "'[T]here can be little doubt that parallel federal and state proceedings would disrupt Pennsylvania's legislative framework for the liquidation of insolvent insurers'." Dalicandro, 2001 WL 1428359, *3 (citing Feige v. Sechrest, 90 F.3d 846, 849 (3d Cir. 1996)).

The submission of Defendant's disputed claims to the liquidation claims procedure is necessary to minimize litigation, ensure the equitable distribution of Plaintiff's assets, and avoid inconsistent adjudication of claims. It will preserve judicial comity and fairly and efficiently resolve Defendant's claims. Further, Defendant is well within the December 31, 2003 deadline to submit its claims to the liquidation claims procedure.

C.  **Abstention is appropriate under the Burford doctrine**

The Burford abstention doctrine allows a federal court to abstain from exercising its jurisdiction in deference to complex state administrative procedures. Burford v. Sun Oil Co., 319

U.S. 315 (1943). Abstention is permitted where federal jurisdiction "would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 814 (1976).

Federal courts have the power to dismiss or remand cases where the relief being sought is equitable or otherwise discretionary. Quackenbush v. Allstate Ins. Co., 517 U.S. 706 (1996). Defendant's request for set off concerns an equitable remedy. Federal Deposit Ins. Corp. v. Bank of America Nat. Trust and Sav. Ass'n, 701 F.2d 831, 836 (9th Cir. 1983) ("setoff is a creature of the courts of equity"); First National Bank of Portland v. Dudley, 231 F.2d 396, 398 (9th Cir. 1956); see also City and County of Honolulu v. Bonded Inv. Co., Ltd., 507 P.2d 1084, 1091 (Haw. 1973).

The Commonwealth Court of Pennsylvania has created a comprehensive scheme for Plaintiff's liquidation. The liquidation of Plaintiff is clearly a substantial public concern, particularly given the volume of claims pending against Plaintiff from all over the country. First Penn-Pacific Life Ins. Co. v. Evans, 304 F.3d 345, 349 (4th Cir. 2002), cert. denied, __ U.S. __, 123 S. Ct. 1622 (2003). Abstention is appropriate here as "the liquidation process in particular is one which would be

9

greatly impeded by the involvement of more than one decision-making authority. And it is a critical reason why federal courts have frequently abstained to avoid interfering with state [liquidation] proceedings." Id. at 349-50 (citations and footnote omitted).

Defendant's Counterclaim threatens to frustrate the purpose and goal of the comprehensive liquidation proceeding in the Commonwealth Court of Pennsylvania to efficiently dissolve Plaintiff and resolve claims against it. A positive determination on Defendant's Counterclaim would remove Plaintiff's assets from the liquidation proceeding and directly affect what the liquidator is attempting to achieve in the state administrative proceedings. The Court, therefore, abstains from exercising jurisdiction over Defendant's Counterclaim under the Burford doctrine.[1] See id.; Clark, 105 F.3d 1049; Feige, 90 F.3d 846; Corcoran v. Universal Reinsurance Corp., 713 F. Supp. 77, 81 (S.D.N.Y. 1989) (abstaining on Burford grounds where claim for set off would contravene the unified scheme established by the New York state legislature for the liquidation and rehabilitation of its insurance companies).

---

[1] As this Court has already found abstention appropriate under the Burford doctrine, the Court need not consider whether abstention is also appropriate under the Younger abstention doctrine. See Younger v. Harris, 401 U.S. 37 (1971).

10

## CONCLUSION

In accordance with the foregoing, the Court GRANTS Plaintiff's Motion for Dismissal of Counterclaim for Setoff.[1]

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 17, 2003.

/s/ Helen Gillmor
HELEN GILLMOR
United States District Judge

---

**Reliance Ins. Co. (In Liquidation) v. The Doctors' Company**, Civ. No. 02-00159 HG-BMK; Order Granting Plaintiff's Motion for Dismissal of Counterclaim for Setoff

---

[1] Given the reasons already stated, the Court need not consider whether the Counterclaim is properly plead or Plaintiff's alternative motion to strike portions of the Counterclaim for which it claims leave was not granted.