1391002v1

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| THE DOCTORS COMPANY, | : |
| | : |
| Petitioner | : |
| | : Case No. 269-MD-2001 |
| v. | : |
| | : |
| M. DIANE KOKEN, as Statutory Liquidator for | : |
| RELIANCE INSURANCE COMPANY, | : Original Jurisdiction Matter |
| in liquidation | : |
| | : |
| Respondent | : |

**PETITION OF THE DOCTORS COMPANY FOR LEAVE TO INTERVENE, FOR RELIEF FROM STAY, TO DECLARE RIGHT OF SETOFF, AND TO ENJOIN EXECUTION**

Petitioner, The Doctors Company ("TDC" or "Petitioner"), by its attorneys, Arthur W. Lefco, Esquire and Marshall, Dennehey, Warner, Coleman & Goggin, petitions this Honorable Court for leave to intervene in the instant matter and to grant certain relief as set forth below:

**INTRODUCTION**

1. TDC seeks to intervene in this proceeding and for relief from the stay imposed by the Liquidation Order of this Court issued on October 1, 2001, by this Court, in order to request relief.

2. This petition seeks declaratory and injunctive relief against Reliance's judgment obtained in proceedings in Hawaii, and to stay any actions by Reliance to execute on that judgment, including execution on the appeal bond which was posted by TDC in the Hawaii proceeding.


EXHIBIT B

## THE PARTIES

3.  Petitioner is an inter-insurance exchange domiciled in California.

4.  Reliance is an insurance company domiciled in Pennsylvania and is subject to an Order of Liquidation issued on October 1, 2001 by this Court in Case Number 269 M.D. 2001 (the "Liquidation Proceeding").

5.  Pursuant to the Liquidation Proceeding, M. Diane Koken, Insurance Commissioner of the Commonwealth of Pennsylvania, was appointed as the liquidator (the "Liquidator") for Reliance.

## STATEMENT OF JURISDICTION

6.  This Court is vested with original jurisdiction over this matter pursuant to 42 Pa.C.S. § 761 (a) (1) and paragraph 5 of this Court's Liquidation Order or October 3, 2001.

## STATEMENT OF FACTS

7.  On January 1, 1998, Petitioner entered into an Accident & Health Quota Share Reinsurance Agreement with Beach & Associates Limited (the "Beach Agreement") pursuant to which Beach & Associates Limited, an insurance syndicate located in Toronto, Ontario, Canada, ceded certain liabilities to Petitioner. A copy of the Beach Agreement is attached as Exhibit A.

8.  Petitioner then retroceded 20% of its liabilities under the Beach Agreement to Reliance through a separate agreement (the "Quota Share Agreement"). A copy of the Quota Share Agreement is attached as Exhibit B.

1391002v1

9. Reliance has failed to perform its obligations under the Quota Share Agreement, and amounts recoverable by Petitioner from Reliance under the Quota Share Agreement remain unpaid.

10. Petitioner has timely filed two proofs of claim in the Liquidation Proceeding for claims against Reliance arising out of the Quota Share Agreement ("First and Second Quota Share Proofs of Claim"; collectively the "Quota Share Proofs of Claim").

11. The First Quota Share Proof of Claim, which represents amounts recoverable by Petitioner from Reliance for premiums, commissions and paid claims, is in the amount of $2,061,425.42. A copy of the First Quota Share Proof of Claim is attached as Exhibit C.

12. The Second Quota Share Proof of Claim, which represents amounts reserved by Petitioner for pending claims and incurred but not reported losses ("IBNR") under the Quota Share Agreement is in the amount of $1,250,000. A copy of the Second Quota Share Poof of Claim is attached as Exhibit D.

13. An itemized list of the specific claims which were included under the Quota Share Proofs of Claim is attached as Exhibit E.

14. Petitioner and Reliance were also parties to a reinsurance agreement that covered the period July 1, 1998 to July 1, 1999 (the "First Reinsurance Agreement"). Under the First Reinsurance Agreement, Petitioner ceded to Reliance, on a quota share basis, 15% of 90% of its liabilities under certain medical and dental professional liability policies. A copy of the First Reinsurance Agreement is attached hereto as Exhibit F.

1391002v1

15. Reliance has failed to perform its obligations under the First Reinsurance Agreement, and amounts recoverable by Petitioner from Reliance under the First Reinsurance Agreement remain unpaid.

16. Petitioner and Reliance were parties to a reinsurance agreement that covered the period July 1, 1999 to July 1, 2000 (the "Second Reinsurance Agreement"). Under the Second Reinsurance Agreement, Petitioner ceded to Reliance, on a quota share basis, 10% of 90% of its liabilities under certain medical and dental professional liability policies. A copy of the Second Reinsurance Agreement is attached hereto as Exhibit G.

17. Reliance has failed to perform its obligations under the Second Reinsurance Agreement, and amounts recoverable by Petitioner from Reliance under the Second Reinsurance Agreement remain unpaid.

18. Petitioner has timely filed two Proofs of Claim in the Liquidation Proceeding for claims against Reliance arising out of the First and Second Reinsurance Agreements ("First and Second Reinsurance Proof of Claims"; collectively the "Reinsurance Proofs of Claim").

19. The First Reinsurance Proof of Claim, which represents amounts recoverable by Petitioner from Reliance for paid claims under the First and Second Reinsurance Agreements, is in the amount of $2,200,639. A copy of the First Reinsurance Proof of Claim is attached as Exhibit H.

20. The Second Reinsurance Proof of Claim, which represents amounts reserved by Petitioner for pending claims and IBNR under the First and Second Reinsurance Agreements is in the amount of $826,471. A copy of the Second Reinsurance Proof of Claim is attached as Exhibit I.

1391002v1

21. An itemized list of the specific claims which are included under the Reinsurance Proofs of Claim is attached as Exhibit J.

22. Petitioner was covered under a directors and officers /errors and omissions policy issued by Reliance (the "D&O Policy").

23. A copy of the D&O Policy is attached as Exhibit K.

24. Reliance has failed to perform its obligations under the D&O Policy.

25. Petitioner has timely filed two proofs of claim in the Liquidation Proceeding for claims against Reliance arising out of the D&O Policy. The D&O Proofs of Claim include the following:

   a. Petitioner has timely filed a proof of claim for defense and indemnification under the D&O Policy arising out of an action brought against Petitioner in the Circuit Court of Talladega County, Alabama by Jimmy L. Steen, case number CV98-148. The case was settled by Petitioner for $1,000,000. Petitioner has recovered $400,000 in reinsurance proceeds. Petitioner has filed a proof of claim for $643,893, which includes defense costs of $43,893 less the deductible. A copy of the proof of claim is attached as Exhibit L.

   b. Petitioner has timely filed a proof of claim for defense and indemnification under the D&O Policy arising out of an action brought against Petitioner in the Washoe County District Court of Nevada by Samuel and Terry Woods, case number CV98-07033. The case was settled by Petitioner for $2,750,000. Petitioner has recovered $400,000 in reinsurance proceeds. It has filed a proof of claim for $2,521,789 which

1391002v1

includes defense costs of $171,789 less the deductible. A copy of the proof of claim is attached as Exhibit M.

26. Petitioner has timely filed a proof of claim (the "Mau POC") for contribution, indemnity, subrogation and assignment of rights from the Straub Clinic and Timothy F. Olderr, M.D. (collectively the "Mau Defendants"), who were insured for professional liability under a claims made primary policy issued by Petitioner, with policy limits of $750,000, excess a self-insured retention of $250,000. Reliance provided excess insurance coverage to the Mau Defendants in the amount of $25,000,000. The claim arises out of an action brought by Diana A. and Patrick A. K. Mau, in the First Circuit Court of Hawaii, case number Civil 01-1-2828-09. The case was settled by Petitioner for $2,300,000. Petitioner seeks reimbursement from Reliance in the amount of $800,000. A copy of the proof of claim is attached as Exhibit N.

27. The following table lists the amounts due to Petitioner from Reliance as reflected in the filed Proof of Claims for the listed matters:

| | |
|---|---|
| First Quota Share Proof of Claim | $ 2,061,425.42 |
| Second Quota Share Proof of Claim | $ 1,250,000.00 |
| First Reinsurance Proof of Claim | $ 2,200,639.00 |
| Second Reinsurance Proof of Claim | $    826,471.00 |
| D&O Policy (Steen) Proof of Claim | $    643,893.00 |
| D&O Policy (Woods) Proof of Claim | $ 2,521,789.00 |
| Mau Proof of Claim | $    800,000.00 |
| TOTAL[1] | $10,304,217.42 |

---

[1] Petitioner reserves the right to assert that its proofs of claim should be applied as setoffs to the Hawaii judgment in a particular order to maximize its recovery on the claims not applied as setoffs. Nonetheless,

### The Hawaii Litigation

28.     On March 18, 2002, Reliance filed a complaint (the "Hawaii Litigation") in the United States District Court for the District of Hawaii against Petitioner for express and equitable subrogation, equitable contribution, indemnity and declaratory relief, all arising from the settlement of a medical malpractice action where Petitioner was the primary insurance carrier, and Reliance was the excess carrier.

29.     In addition to defenses to liability raised by Petitioner in the Hawaii Litigation, Petitioner filed a counterclaim against Reliance for setoff of unpaid amounts recoverable by it, from Reliance, under the Reinsurance Agreements.

30.     On June 17, 2003, the United States District Court for the District of Hawaii determined that principles of full faith and credit required it to determine that Petitioner's claims against Reliance should be adjudicated in the Pennsylvania Liquidation Proceeding, and to dismiss its counterclaim for setoff in the Hawaii Litigation. A copy of the District Court's order in the Hawaii Litigation dismissing Plaintiff's counterclaim is attached hereto as Exhibit O.

31.     On September 25, 2003, the United States District Court for the District of Hawaii denied Petitioner's motion for summary judgment and granted in part and denied in part Reliance's motion for summary judgment in the Hawaii Litigation.

32.     On February 13, 2004, judgment was entered in the Hawaii Litigation against Plaintiff awarding Reliance $2 million and attorneys' fees of $200,000 (the "Hawaii Judgment"). A copy of the Hawaii Judgment is attached hereto as Exhibit P.

---

the determination of such matters is beyond the scope of the instant application and Petitioner believes and therefore avers that it would be inappropriate to request such relief from this Court at this time.

1391002v1

33. The United States Court of Appeals for the Ninth Circuit affirmed the decision of the United States District Court for the District of Hawaii in the Hawaii Litigation in an unpublished opinion issued May 26, 2005. A copy of the Ninth Circuit decision is attached as Exhibit Q.

34. On November 9, 2005, Reliance filed a Motion to Satisfy Judgment and Enforce Supersedeas Bond in the United States District Court for the District of Hawaii (the "Enforcement Motion"). A copy of the Enforcement Motion is attached as Exhibit R.

35. The Supersedeas Bond posted by Plaintiff is in the amount of $3,300,000. A copy of the Supersedeas Bond is attached as Exhibit S.

36. Petitioner is scheduled to appear before the United States District Court for the District of Hawaii on January 9, 2006 in a hearing on the Enforcement Motion.

### FIRST APPLICATION FOR RELIEF  -  INTERVENTION

37. Petitioner realleges, and incorporates herein by reference, the allegations of the paragraphs set forth above.

38. Pursuant to Pa.R.A.P. 1531, TDC requests leave of this Court to intervene in the above-captioned proceeding in order to effectuate and enforce its right to setoff.

39. The Federal District Court for the District of Hawaii and the United States Court of Appeals have instructed that these matters must be litigated in the Court which maintains jurisdiction over the Reliance Liquidation Proceeding.

WHEREFORE, Petitioner requests leave of this Court to intervene in the above-captioned proceedings for purposes of effectuating its right to setoff.

### SECOND APPLICATION FOR RELIEF  -  RELIEF FROM STAY

8

1391002v1

40. Petitioner realleges, and incorporates herein by reference, the allegations of the paragraphs set forth above.

41. This Court's Liquidation Order of October 3, 2001 instructs that no action shall be commenced against Reliance or the Liquidator after issuance of the Liquidation Order unless consented to by the Liquidator.

42. To the extent necessary, Petitioner seeks relief from the stay issued with respect to proceedings against the Liquidator and/or Reliance.

WHEREFORE, Petitioner request that this Court grant it a relief from the stay imposed, to the extent necessary to effectuate and enforce its rights to setoff.

## THIRD APPLICATION FOR RELIEF - PRELIMINARY INJUNCTION [2]

43. Petitioner realleges, and incorporates herein by reference, the allegations of the paragraphs set forth above.

44. Respondent obtained a judgment against Petitioner in the United States District Court for the District of Hawaii; however, Petitioner claimed setoffs which exceed the amount of the Hawaii Judgment in favor of Respondent.

45. The District Court held that Petitioner's claim for setoff must be prosecuted in a Pennsylvania court because Respondent is an insurance company, which is a resident of Pennsylvania, and is now in liquidation.

46. Respondent posted an appeal bond, and it filed an appeal to the United States Court of Appeals for the Ninth Circuit.

47. The Ninth Circuit affirmed the ruling of the District Court in favor of Respondent.

---

[2] Petitioner must establish three elements to support a preliminary injunction: (1) a clear right to relief; (2) an immediate need for relief; and (3) an irreparable injury unless the court grants the injunction. Fedorko Properties, Inc. v. C.F. Zurn & Assoc., 720 A.2d 147, 149 (Pa.Super. 1998)

1391002v1

48. On November 9, 2005, Reliance filed a Motion to Satisfy Judgment and Enforce Supersedeas Bond in the United States District Court for the District of Hawaii (the "Enforcement Motion").

49. Petitioner is scheduled to appear before the United States District Court for the District of Hawaii on January 9, 2006 in a hearing on the Enforcement Motion.

50. In this litigation, Petitioner seeks, among other things, declaratory relief from this Court which recognizes its right of setoff.

51. The right to setoff under 40 P.S. § 221.32 is clear and unambiguous, and claims for setoff need not be liquidated; therefore, Petitioner's likelihood of success on the merits is high.

52. If Reliance is permitted to execute on the Supersedeas Bond prior to a final determination of Petitioner's right to setoff under the statute, it may lose the ability to setoff the amount which Reliance owes to Petitioner under the Reinsurance Agreements against the amount which Petitioner owes to Reliance as a result of the Hawaii Judgment.

53. Such action would cause Petitioner irreparable harm as its ability to collect through distribution under the claim process will likely result in a substantially diminished recovery as compared to setoff.

54. Reliance will not be harmed by an order enjoining the Liquidator from attempting to enforce the Supersedeas Bond or from otherwise attempting to collect on the Hawaii Judgment until a final determination is made with respect to Petitioner's right to setoff because the Supersedeas Bond (which exceeds the amount of Reliance's judgment) will remain in place as security for the Hawaii Judgment.

1391002v1

WHEREFORE, Petitioner seeks an Order of this Court for Preliminary Injunctive Relief which enjoins the Liquidator from attempting to enforce the Supersedeas Bond or from otherwise attempting to collect on the Hawaii Judgment, except to the extent that a portion of the Hawaii Judgment remains after all setoffs to which Petitioner is entitled have been applied.

### FOURTH APPLICATION FOR RELIEF - DECLARATORY JUDGMENT

55. Petitioner realleges, and incorporates herein by reference, the allegations of the paragraphs set forth above.

56. The Pennsylvania insurance liquidation setoff statute, 40 P.S. § 221.32, provides, in pertinent part, the following:

(a) Mutual debts and mutual credits between the insurer and another person in connection with any action or proceeding under this article shall be setoff and the balance only shall be allowed or paid, except as provided in subsection (b).

(b) No setoff or counterclaim shall be allowed in favor of any person where:

(1) the obligation of the insurer to the person would not at the date of the filing of a petition for liquidation entitle the person to share as a claimant in the assets of the insurer;

(2) the obligation of the insurer to the person was purchased by or transferred to the person with a view to its being used as a setoff;

(3) the obligation of the person is to pay an assessment levied against the members or subscribers of the insurer, or is to pay a balance upon a subscription to the capital stock of the insurer, or is in any other way in the nature of a capital contribution; or

(4) the obligation of the person is to pay premiums, whether earned or unearned, to the insurer.

57. Pursuant to 40 P.S. § 221.32, Petitioner is entitled to setoff amounts due it under the Proofs of Claim against the amount owed by Petitioner to Reliance as a result of the Hawaii Judgment.

58. The amount which Reliance owes to Petitioner under the Reinsurance Agreements exceeds the amount which Petitioner owes to Reliance as a result of the Hawaii Judgment.

59. Setoff claims need not be liquidated. 40 P.S. § 221.39 (b),(c),(d).

WHEREFORE, Petitioner seeks an order of this Court declaring that it is entitled to setoff the amount which Reliance owes to it under the Proofs of Claim Agreements against the amount which it owes to Reliance as a result of the Hawaii Judgment. To the extent the amount owed to Plaintiff by Reliance under the Quota Share Proofs of Claim and the Reinsurance Proofs of Claim is insufficient to setoff the entire amount owed by Petitioner to Reliance, as a result of the Hawaii Judgment, it further seeks an order of this Court that Petitioner is entitled to setoff the amount which Reliance owes to Plaintiff under the D&O Proofs of Claim and the Mau Proof of Claim against the amount which Petitioner owes to Reliance as a result of the Hawaii Judgment.

### FIFTH APPLICATION FOR RELIEF -- PERMANENT INJUNCTION

60. Petitioner realleges and incorporates herein, by this reference, the allegations of the paragraphs set forth above.

61. The setoff claims of Respondent exceed the judgment obtained by Reliance in the Hawaii action.

WHEREFORE, Petitioner seeks an order which enjoins Reliance from enforcing the Supersedeas Bond or from otherwise attempting to collect on the Hawaii Judgment,

1391002v1

except to the extent that a portion of the Hawaii Judgment remains after all setoffs to which Petitioner is entitled have been applied, given that Petitioner's setoff claims exceed the judgment entered by the Hawaii Court in favor of Respondent. Petitioner further seeks an order instructing Reliance to mark the Hawaii judgment satisfied by virtue of its setoff claims.

## Statement of Relief Sought

62.  Petitioner respectfully requests that this Court enter judgment in its favor and against Respondent and that it grant the following relief:

A. A Preliminary Injunction, as requested.

B. A declaration that Petitioner is entitled to setoff the amount which Reliance owes to Petitioner, pursuant to 40 P.S. § 221.32 and the above-referenced Proofs of Claim, against the amount which Petitioner owes to Reliance as a result of the Hawaii Judgment

C. A further declaration that the value of Petitioner's Proofs of Claim in the Liquidation Proceeding will be reduced by the amount which Petitioner is entitled to setoff against the amount which Petitioner owes to Reliance as a result of the Hawaii Judgment.

D. Permanent injunctive relief enjoining the Liquidator from enforcing the bond, or from otherwise attempting to collect on the Hawaii Judgment except through setoff;

E. An Order requiring Reliance to mark the Hawaii judgment satisfied following application of the setoff.

F. For taxable costs;

G.     For its reasonable attorneys' fees; and

H.     For such other and further relief as the Court deems just and proper.

Respectfully submitted,
**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**

_____
ARTHUR W. LEFCO, ESQUIRE
Attorney for Petitioner

Date: Dec 21, 2005

1391002v1

## VERIFICATION

I, **DEVIN O'BRIEN, ESQUIRE**, CERTIFY THAT I AM AUTHORIZED TO MAKE THIS VERIFICATION ON BEHALF OF THE PETITIONER, THE DOCTORS' COMPANY, AND THAT THE FACTS SET FORTH IN THE FOREGOING **APPLICATION FOR RELIEF** ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF. THE LANGUAGE USED IS THAT OF MY ATTORNEYS, AND NOT MY OWN AND THE AVERMENTS SET FORTH HEREIN ARE BASED UPON INFORMATION PROVIDED TO COUNSEL. I AM FULLY FAMILIAR WITH THOSE FACTS AND IF THE ABOVE STATEMENTS ARE NOT TRUE, I AM SUBJECT TO THE PENALTIES OF 18 PA.C.S. §4904 RELATING TO UNSWORN FALSIFICATION TO AUTHORITIES.

_____
DEVIN O'BRIEN, ESQUIRE, on behalf of the
THE DOCTORS' COMPANY

DATE: 12-20-2005

## CERTIFICATION OF SERVICE

I do hereby certify that service of a true and correct copy of the within *Petition for Relief* was made, by ail, on the below date to the individuals named herein:

M. Diane Koken, as statutory Liquidator
For Reliance in Liquidation
c/o Patricia Rothbardt, Esquire
General Counsel, Reliance in Liquidation
3 Benjamin Franklin Parkway, 5th Floor
Philadelphia, PA 19102

Office of Attorney General
16th Floor Strawberry Square
Harrisburg, PA 17120

MARSHALL, DENNEHEY, WARNER
COLEMAN & GOGGIN

BY: _____
ARTHUR W. LEFCO, ESQUIRE
Attorney for Petitioner

Date: Dec 21, 2005

1391002v1