

KUTAK ROCK LLP
PAUL F. DONSBACH, # 7108-0
CHRISTOPHER D. GLOS, *Pro Hac Vice*
18201 Von Karman Avenue
Suite 1100
Irvine, California 92612-1077
Telephone: (949) 417-0999
Facsimile: (949) 417-5394
E-mail: paul.donsbach@kutakrock.com

KESSNER, DUCA, UMEBAYASHI, BAIN
& MATSUNAGA

ELTON JOHN BAIN         #2443-0
E. MASON MARTIN, III    #7295-0
19th Floor Central Pacific Plaza
220 South King Street
Honolulu, Hawaii 96813
Telephone: (808) 536-1900
Facsimile: (808) 529-7177
E-mail: mmartin@kdubm.com

Attorneys for Plaintiff
RELIANCE INSURANCE COMPANY
(IN LIQUIDATION)

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 30 2006

at __ o'clock and __ min __ M
SUE BEITIA, CLERK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RELIANCE INSURANCE COMPANY (IN LIQUIDATION), a Pennsylvania corporation,<br><br>Plaintiff,<br>v.<br><br>THE DOCTORS' COMPANY, a California corporation,<br><br>Defendant. | CIVIL CASE NO. CV 02-00159 HG-BMK<br><br>**PLAINTIFF RELIANCE INSURANCE COMPANY'S (IN LIQUIDATION) REPLY TO DEFENDANT THE DOCTORS' COMPANY'S MEMORANDUM IN OPPOSITION TO PLAINTIFF RELIANCE INSURANCE COMPANY'S (IN LIQUIDATION) MOTION TO SATISFY JUDGMENT AND ENFORCE SUPERSEDEAS BOND AND FOR ATTORNEYS' FEES IN THE AMOUNT OF $5,775.00; CERTIFICATE OF SERVICE**<br><br>**Hearing<br>Date:** April 10, 2006<br>**Time:** 8:30 a.m.<br>**Judge:** Hon. Helen Gillmor |

4825-1527-3216.1/0

I. **SUMMARY OF ARGUMENT**

In its Motion to Satisfy Judgment and Enforce Supersedeas Bond and for Attorneys' Fees in the Amount of $5,775.00, Plaintiff Reliance Insurance Company (in Liquidation) ("Reliance") demonstrated that it is entitled to satisfaction of this Court's judgment against the supersedeas bond posted by Defendant The Doctors' Company ("TDC") pursuant to Rule 65.1 of the Federal Rules of Civil Procedure.

Reliance's position is not complicated. It won a $2 million judgment against TDC, and it successfully defended the judgment on appeal. TDC has refused to pay the judgment, and Reliance is now entitled to collect the judgment against the supersedeas bond issued by Travelers Casualty and Surety Company ("Travelers") in the amount of the $2 million judgment, plus the $200,000.00 in attorneys' fees awarded in this Court, the appeal costs of $448.14, the $86,663.00 in additional attorneys' fees awarded by the Court of Appeals on March 23, 2006,[1] post-judgment interest of $60,318.43 accrued through April 10, 2006, and additional post-judgment interest accruing at the rate of $78.11 per day.[2]

---

[1] See 3/23/06 Order of the Court of Appeals, attached as Exhibit A to Reliance's Request for Judicial Notice, filed and served herewith.

[2] The total amount that TDC owes on the judgment as of the date of the hearing of this Motion on April 10, 2006 is $2,347,429.57. Post-judgment interest continues to accrue in the amount of $78.11 per day.

1

TDC's opposition to Reliance's Motion is nonsensical. It argues that Reliance's collection of the judgment in this action would "permanently destroy the possibility of a setoff." *See* TDC's Opposition at 8. That is preposterous. Reliance is in liquidation proceedings under the supervision of the Commonwealth Court of Pennsylvania. The judgment in this case is an asset of the Reliance Liquidation Estate ("Estate"), and Reliance is obligated to collect the judgment and transfer it to the liquidation proceedings. In general terms, the judgment proceeds will then be available for use in administering the Estate and paying claims.

To the extent that TDC's claim of a priority interest in the judgment proceeds under the Pennsylvania setoff statute has any merit, TDC may assert that claim with the Commonwealth Court. The collection of the judgment from the surety Travelers (or TDC if it decides to pay the judgment) will not "permanently destroy the possibility of a setoff," as TDC contends. Rather, TDC may present all of its arguments to the Commonwealth Court, which can interpret the Pennsylvania setoff statute and determine the merits of TDC's arguments on priority and setoff. The Commonwealth Court is necessarily in the best position to interpret the Pennsylvania setoff statute, and can ensure consistency of the application of the law in this area among Reliance's tens of thousands of creditors.

To hold otherwise would impose severe hardship and prejudice on Reliance, which was forced to incur substantial amounts of attorneys' fees to prosecute this

action against TDC and defend its judgment on appeal. Reliance's judgment should not be held hostage to TDC's arguments on the validity of the judgment (asserted in TDC's Motion to Vacate the Judgment), nor should it be held in limbo while TDC's claims are reviewed and processed in the liquidation proceeding. Reliance was forced to expend substantial sums of its limited sources to litigate this case – as reflected in the $286,663.00 in attorneys' fees it has been awarded in this case – and its recovery should be transferred to the Commonwealth Court in order to preserve and protect the interests of Reliance and all of its creditors.

## II. ARGUMENT

### A. TDC's Reliance on *Burford v. Sun Oil Co.* Is Misplaced.

In its Opposition to Reliance's Motion, TDC argues that this "Court should deny Reliance's instant Motion, and instead defer to the Commonwealth Court of Pennsylvania, which currently has exclusive jurisdiction over TDC's setoff claims against Reliance in its liquidation proceedings." *See* TDC's Opposition at 5. TDC relies on "notions of judicial comity, principles of full faith and credit, and with the policy reasons underlying the Burford abstention doctrine." *Id.* at 5-6. This is nonsense.

The *Burford* abstention doctrine applies when a federal court's review of difficult questions of state law would be disruptive to the state's efforts to establish a coherent policy on an issue of public concern." *Burford v. Sun Oil Co.*, 319 U.S.

315, 333 (1943). Reliance's right to collect its judgment in this case is hardly disruptive of the Reliance liquidation proceeding. The Reliance liquidation proceeding consists in general terms of two components: (1) collection of assets; and (2) payment of claims. This case falls within the first category. It is an essential part of the liquidation system, as the collection of assets is necessary to assure payment of claims to the greatest extent possible. Reliance's collection of its assets does nothing to disrupt the orderly proceedings in the liquidation, and is in fact an important part of those proceedings.

Nor is Reliance's collection of its judgment disruptive of any interest TDC may have in the liquidation proceedings. TDC may present all of its arguments on priority and setoff to the Commonwealth Court, which can interpret the Pennsylvania setoff statute and afford full protection to whatever legal rights TDC may have in the liquidation.

**B.   Reliance is Entitled to Attorneys' Fees.**

This Court and the Court of Appeals have each recognized that Reliance is entitled to its reasonable attorneys' fees incurred in this matter pursuant to H.R.S. § 431:10-242. Reliance has now been awarded a total of $286,663.00 in attorneys' fees for its successful prosecution of its claims against TDC and successful defense of the judgment on appeal. These awards were made as a matter of substantive Hawaii law in this diversity action, pursuant to H.R.S. § 431:10-242, which

4

provides:

> Where an insurer has contested its liability under a policy and is ordered by the courts to pay benefits under the policy, the policyholder . . . or the person who has acquired the rights of the policyholder . . . shall be awarded reasonable attorney's fees and the costs of suit, in addition to the benefits under the policy.

H.R.S. § 431:10-242.

Contrary to TDC's position, the Hawaii fee-shifting statute does not specify that the fee-shifting is limited to pre-judgment proceedings. In fact, the Court of Appeals has already held that Reliance was entitled to post-judgment attorneys' fees, and it has awarded $86,663.00 for Reliance's attorneys' fees on appeal. As this Court and the Court of Appeals have already held, the statute confers a substantive right to an award of attorneys' fees "[w]here an insurer has contested its liability under a policy and is ordered by the courts to pay benefits under the policy." H.R.S. § 431:10-242. That is exactly the case with Reliance's Motion to Satisfy Judgment. Reliance is seeking a court order to obtain benefits under TDC's insurance policy, as the equitable subrogee of Straub Clinic & Hospital, Inc. TDC's refusal to pay these benefits has left Reliance with no alternative than to seek payment from Travelers as the surety, and Travelers voluntarily agreed to step into TDC's shoes for this purpose.

Furthermore, the supersedeas bond itself specifies that the surety will pay "damages, costs, post-judgment interest ***and fees*** that may be awarded against THE

5

DOCTOR'S COMPANY, ***and all actual damages*** incurred in consequence of the suspension." *See* Supersedeas Bond No. 1043570015, filed in this action on November 4, 2004 (emphasis added). The language of the supersedeas bond itself makes clear that Reliance is entitled to collect from the surety any and all additional attorneys' fees awarded until payment of the judgment, as well as all actual damages resulting from the stay of the judgment. The attorneys' fees that Reliance reasonably and necessarily incurred in bringing this Motion are such actual damages, as the stay prevented Reliance from collecting the judgment during the pendency of the appeal. But for the supersedeas bond, Reliance would long ago have collected its judgment from TDC, and it would not have to bring this Motion.

TDC's argument under the *Erie* doctrine does not change this analysis. This Court and the Court of Appeals have already ruled that the fee-shifting provisions of H.R.S. § 431:10-242 are part of the substantive law of Hawaii governing this case. As such, the fee-shifting provisions govern ***all phases*** of this case – from pleadings through discovery, motions, the appeal and post-judgment collection. TDC argues in effect that this Court must reconsider the *Erie* analysis for each phase of the case. Under TDC's view, if a Federal Rule of Civil Procedure does not expressly provide for fee-shifting, then H.R.S. § 431:10-242 does not apply to that part of the case. In this Dickensian universe, fee-shifting would not apply to

pleadings (Rule 8), depositions (Rule 30), interrogatories (Rule 33) or motions to collect on supersedeas bonds (Rule 65.1).

The *Erie* doctrine does not require this picayune analysis.  Rather, a substantive law like H.R.S. § 431:10-242 that calls for fee-shifting applies to the case *in toto*, not only those parts of the case to which a specific Federal Rule of Civil Procedure does not apply.

This principle is demonstrated in *Bass v. First Pacific Networks, Inc.*, 219 F.3d 1052 (9th Cir. 2000), the sole case on which TDC relies in opposing Reliance's request for attorneys' fees.  Contrary to TDC's arguments, *Bass* recognizes that fee-shifting statutes are applied to cases in their entirety, or not at all.

*Bass* did not involve a substantive fee-shifting statute, as in this case.  Rather, the plaintiff in *Bass* brought an action under state law asserting title to shares in a corporation (as well as RICO claims which were dismissed).  The case was removed to federal district court, and the plaintiff obtained an interlocutory judgment on his state law claims.  The defendant brought an appeal and posted a surety bond.

The parties then settled, sold the shares and paid the proceeds to a creditor.  The creditor then filed a motion to enforce the supersedeas bond, claiming that it was entitled to the difference between the market value of the stock on the date of

7

the stay order and the date of the settlement. The creditor requested its attorneys' fees in bringing the motion, arguing that the California state court procedure for enforcing appeal bonds conferred a substantive right to attorneys' fees in enforcing an appeal bond in federal court.

The Ninth Circuit had little difficulty in rejecting this argument. It held that the California procedure for enforcing appeal bonds did not confer any substantive rights under state law. It explained that "because Rule 65.1 simply allows for an enforcement mechanism for bonds posted under Rule 62(d), only a federal question is involved. As such, federal law, which does not allow for the recovery of attorney's fees, applies." *Bass*, 219 at 1055.

*Bass* rejected the argument that TDC proffers in this case – that the *Erie* analysis must be reexamined for each phase of the case. Instead, *Bass* recognizes that the analysis applies to the case in its entirety. Reliance is not arguing, as the *Bass* creditor argued, that this Court should apply a Hawaii state court procedure in deciding this Motion. Rather, Reliance's right to a fee-shifting award arises out if its substantive right to attorneys' fees under H.R.S. § 431:10-242, which this Court and the Court of Appeals have already decided governs this case.

### III. CONCLUSION

For the foregoing reasons, Reliance respectfully requests that its Motion be granted and that it be allowed to collect its judgment without further delay.

Reliance further requests that it be awarded its attorneys' fees in the amount of $5,775.00 or as otherwise determined by the Court.

DATED: March 30, 2006

KUTAK ROCK LLP

By: *E. Mason Martin III* (signature)
PAUL F. DONSBACH
CHRISTOPHER D. GLOS

AND

KESSNER, DUCA, UMEBAYASHI, BAIN & MATSUNAGA

E. MASON MARTIN III

Attorneys for Plaintiff
RELIANCE INSURANCE COMPANY (IN LIQUIDATION)

9

KESSNER DUCA UMBAYASHI BAIN & MATSUNAGA
Attorneys at Law, A Law Corporation

ELTON JOHN BAIN         2443-0
E. MASON MARTIN III     7295-0
Central Pacific Plaza, 19th Floor
220 South King Street
Honolulu, Hawaii 96813
Telephone: (808) 536-1900
Facsimile: (808) 529-7177

   and

PAUL F. DONSBACH        7108-0
CHRISTOPHER D. GLOS
*Pro Hac Vice* Pending
18201 Von Karman Avenue, Suite 1100
Irvine, California 92612-1077
Telephone: (949) 417-0999
Facsimile: (949) 417-5394

Attorneys for Plaintiff
RELIANCE INSURANCE COMPANY
(IN LIQUIDATION)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RELIANCE INSURANCE COMPANY (IN LIQUIDATION), a Pennsylvania Corporation,<br><br>      Plaintiff,<br><br>vs.<br><br>THE DOCTORS' COMPANY, a California Corporation,<br><br>      Defendant. | CIVIL NO. CV-02-00159-HG-BMK<br><br>**CERTIFICATE OF SERVICE** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was duly served on the individual(s) listed below at her last known address by mail on __3/30/06__.

>Darolyn H. Lendio, Esq.
>McCorriston Miho Miller Mukai
>Five Waterfront, 4th Floor
>500 Ala Moana Boulevard
>Honolulu, Hawaii 96813
>
>and
>
>Kenneth Robbins, Esq.
>Robbins & Associates
>Davies Pacific Ctr.
>841 Bishop Street, Suite 2200
>Honolulu, Hawaii 96813
>
>Attorneys for Defendant
>THE DOCTORS' COMPANY

DATED:   Honolulu, Hawaii, __3/30/06__

*/s/ E. Mason Martin III*
ELTON JOHN BAIN
E. MASON MARTIN III

and

PAUL F. DONSBACH
CHRISTOPHER D. GLOS

Attorneys for Plaintiff
RELIANCE INSURANCE COMPANY
(IN LIQUIDATION)

2