UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 2 3 2006

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RELIANCE INSURANCE CO., (in liquidation), a Pennsylvania corporation, | Nos. 04-15558, 04-15598 |
| Plaintiff-counter-defendant - Appellee - Cross-Appellant, | D.C. No. CV-02-00159-HG District of Hawaii, Honolulu |
| v. | |
| THE DOCTORS COMPANY, | ORDER |
| Defendant-counter-claimant - Appellant - Cross-Appellee. | |

Before:  Peter L. Shaw, Appellate Commissioner

I
Background

Reliance Insurance Company ("Reliance") filed a diversity action in the United States District Court of Hawaii seeking reimbursement from The Doctors Company ("TDC") for $2 million Reliance paid as the excess insurer in settling a medical malpractice suit.  Reliance claimed that TDC, the primary insurer, had breached the policy between TDC and the insured when it refused to contribute more than $1 million to the settlement, instead of the $3 million that Reliance argued was owed under the policy.  Reliance contended that it was entitled to

EXHIBIT A

04-15558, 04-15598

payment of the $2 million under theories of express and equitable subrogation and equitable contribution.

Reliance filed a motion for summary judgment on its subrogation and contribution claims, which the district court granted in part and denied in part. The district court found that Reliance was entitled to equitable and express subrogation from TDC in the amount of $2 million. The district court also held that Reliance was not entitled to equitable contribution from TDC because that form of relief is not available between primary and excess insurers, who offer different coverages.

TDC also filed a counterclaim against Reliance for setoff based on alleged debts Reliance owed TDC under other unrelated claims. The district court dismissed the counterclaim, finding that it should abstain from addressing the setoff claims because those claims were at issue in Reliance's liquidation proceedings in Pennsylvania state court. TDC filed a motion for reconsideration of the grant of summary judgment and dismissal of the counterclaim, which the district court denied. TDC then appealed the district court's dismissal of the counterclaim, the grant of summary judgment on Reliance's subrogation claim, and

04-15558, 04-15598

the court's denial of the motion for reconsideration. Reliance filed a cross-appeal from the district court's denial of Reliance's equitable contribution claim.

While the appeals were pending, TDC filed in the district court a motion to stay enforcement of the judgment and for approval of a supersedeas bond. Reliance "conditionally" opposed the motion on the ground that the proposed bond did not specifically list post-judgment interest as an item of relief covered by the bond. The district court ordered TDC to modify the bond to include post-judgment interest, which TDC did. The district court subsequently granted the motion for stay of judgment and approved the modified bond.

This court affirmed the district court's dismissal of the counterclaim, grant of summary judgment, and denial of the motion for reconsideration in an unpublished decision after briefing and oral argument. The court's decision does not explicitly address Reliance's cross-appeal.

Reliance filed in this court a motion for an award of attorney's fees on appeal in the amount of $97,426. TDC filed an opposition to the motion. This court granted the motion for fees on appeal and referred the determination of an appropriate amount of fees, including consideration of TDC's opposition to the

3

04-15558, 04-15598

motion, to the Appellate Commissioner. The fee matter was stayed while the parties tried to mediate the fees dispute. When mediation proved unsuccessful, the motion was returned to the Appellate Commissioner for disposition.

II
Analysis

Because this is a diversity action, this court "applies state law in deciding whether to allow attorney's fees when those fees are connected to the substance of the case." *Price v. Seydel*, 961 F.2d 1470, 1475 (9th Cir.1992). The parties agree that Hawaii law controls. Hawaii Revised Statute § 431:10-242 provides that:

> Where an insurer has contested its liability under a policy and is ordered by the courts to pay benefits under the policy, the policyholder, the beneficiary under a policy, or the person who has acquired the rights of the policyholder or beneficiary under the policy shall be awarded reasonable attorney's fees and the costs of suit, in addition to the benefits under the policy.

Reliance requests an award of attorneys fees for 544.6 hours of work as follows: 251.9 hours at $200 per hour for Paul F. Donsbach, Esq.; 77.2 hours at $175 per hour for J. Andrews, Esq.; 168.3 hours at $160 per hour for Terry Park, Esq.; and 47.2 hours at $140 per hour for Mason Martin, Esq. The hours were expended as follows:

4

04-15558, 04-15598

| Task | Attorney Hours |
|---|---|
| Interviews & conferences | 10.9 |
| Obtaining and reviewing records | 20.0 |
| Legal Research | 281.2 |
| Preparing Briefs | 148.3 |
| Oral argument preparation and presentation | 84.2 |
| Other | 0.0 |
| **Total** | 544.6 |

TDC does not challenge the reasonableness of the hourly rates requested, and these rates are reasonable, given the attorneys' experience levels and general market rates. TDC raises three specific objections to the number of hours Reliance has claimed: (1) the hours expended on Reliance's cross-appeal should not be awarded because Reliance did not prevail on its cross-appeal; (2) the hours expended in opposing TDC's motion to stay the district court's judgment and for approval of the supersedeas bond should not be awarded because the district court granted TDC's motion; and (3) if fees for the opposition to the motion to stay the judgment and for approval of the supersedeas bond are awarded, the hours Reliance's attorneys spent reviewing TDC's financial condition should not be awarded because there was no reasonable justification for this review.

5

04-15558, 04-15598

A.   Cross-Appeal

TDC contends that fees should not be awarded for the work performed on the cross-appeal because Reliance did not prevail on the cross-appeal, and the cross-appeal was based on a distinct theory. *See Hensley v. Eckerhart*, 461 U.S. 424, 439 (1983) ("Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee."). Reliance responds that it was necessary to pursue the cross-appeal to avoid waiving the issue whether the district court erred when it denied Reliance's alternative theory of recovery of equitable contribution. Reliance also argues that because it succeeded in defending against TDC's appeal of the district court's equitable subrogation decision, the cross-appeal became moot, so TDC's claim that Reliance did not prevail on the cross-appeal is not accurate.

Given the language of § 431:10-242, Reliance is clearly entitled to a fee award and the proper inquiry is whether the fee request is "reasonable." *See Labrador v. Liberty Mut. Group*, 81 P.3d 386, 391 (Haw. 2003) ("On its face, HRS § 431:10-242 declares in unambiguous terms that, when an insurer contests liability

6

04-15558, 04-15598

and a court orders payment of benefits, [reasonable] "attorneys' fees and costs of suit" must be awarded to the insured."). The *Hensley* analysis stems from statutory language requiring that fees be awarded to "the prevailing party." *See* 42 U.S.C. § 1988(b). Here, the *Hensley* analysis is properly subsumed as part of determining whether Reliance's fee request is reasonable.[1]

The district court's decision on Reliance's equitable contribution claim was made in the context of Reliance's motion for summary judgment, and the district court denied summary judgment on that claim. The district court did not dismiss the claim or grant summary judgment for TDC, although it did find that equitable contribution was not legally available.

Reliance is incorrect in asserting that it had to file a cross-appeal to preserve its challenge to the denial of the equitable contribution claim. Instead, Reliance could have raised in its answering brief the equitable contribution claim as an alternative basis for affirmance of the district court's judgment. *See Rivero v. City & County of San Francisco*, 316 F.3d 857, 862 (9th Cir. 2002) ("So long as the

---

[1] There does not appear to be any reported decisions of Hawaii or federal courts interpreting this aspect of the language of § 431:10-242 in cases where the plaintiff was only partially successful.

7

04-15558, 04-15598

appellee does not seek to 'enlarge' the rights it obtained under the district court judgment, or to 'lessen' the rights the appellant obtained under that judgment, appellee need not cross-appeal in order to present arguments supporting the judgment.). Thus, because raising the equitable contribution claim as an alternative ground for affirmance would have been an entirely permissible, and reasonable, appellate tactic in this case, filing a cross-appeal unreasonably increased the attorneys fees to the extent that Reliance filed an unnecessary notice of cross-appeal and filed a fourth cross-appeal brief.

Accordingly, the fee award will be reduced to account for these factors. The award will be reduced 6.4 hours for Park and 3 hours for Donsbach related to the filing of the notice of cross-appeal, and 26.9 hours for Park, 7.9 hours for Donsbach, and 5.9 hours for Andrews related to preparing and filing the fourth cross-appeal brief.[2]

---

[2] Hours expended reviewing TDC's answering/reply brief were not deducted as this time would have been reasonably expended in preparation for oral argument.

8

04-15558, 04-15598

B. Supersedeas Bond

TDC is incorrect in contending that Reliance did not "prevail" in opposing TDC's motion for stay of judgment and approval of the supersedeas bond because the motion was ultimately granted. Reliance was successful in that the objection it raised was resolved in its favor when TDC was ordered to submit a revised bond that included post-judgment interest. Reasonable fees expended for work on the opposition should therefore be awarded. TDC's specific challenge to the hours Reliance's attorneys spent researching TDC's financial status has merit, however, because, as TDC points out, the very purpose of the bond is to protect against insolvency. Reliance has not supplied any explanation why research concerning TDC's financial condition was necessary to respond to TDC's motion, and none is apparent from a review of the record. Accordingly, 11.9 hours for Andrews, and 0.7 hours for Donsbach will be deducted from the hours requested.

TDC has not objected to any other hours claimed by Reliance, and a review of the record shows that the remaining hours are reasonable.

04-15558, 04-15598

### III
### Conclusion

The requested award of attorneys fees is reduced to 240.3 hours for

Donsbach, 59.4 for Andrews, 135 hours for Park, and 47.2 hours for Martin.

Accordingly, attorneys fees in the amount of $86,663 are awarded in favor of

Reliance and against TDC.

A certified copy of this order sent to the district court shall serve to amend

this court's mandate.

*Peter L. Shaw*
General Order 1.8